## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

In re:  PRIMARY PROVIDERS OF          )
        ALABAMA, INC.,                )          Case No.:  18-83207-CRJ11
                                      )
        EIN: xx-xxx9960               )
                                      )
        Debtor.                       )          CHAPTER 11

### MOTION TO FIX PROCEDURE FOR PERIODIC
### INTERIM ALLOWANCE OF COMPENSATION AND
### REIMBURSEMENT OF EXPENSES FOR CHAPTER 11 ATTORNEYS

COMES NOW Primary Providers of Alabama, Inc, as Chapter 11 Debtor ("Debtor"), and shows unto this Honorable Court the following:

### Background

1.      On October 26, 2018, (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2.      This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Debtor is a limited liability company organized and operating under the laws of the State of Alabama.

4.      Because of the amount of legal work required at the beginning of this Chapter 11 case, the Debtor's attorneys will be subject to economic hardship if they do not receive periodic allowances of compensation and reimbursement of expenses as authorized by 11 U.S.C. Section 331, to be paid by the estate.

5.      The Debtor believes that it would be expedient for the Court to fix a procedure and dates for the filing of applications for **interim** allowances of compensation and reimbursement of expenses, for filing objections to such applications, and for hearing of objections if any are filed.

6.      Pursuant to Bankruptcy Rule 2002, the Debtor proposes to serve a copy of this Motion upon the attorneys and parties set out in the certificate of service below.

## Prayer for Relief

WHEREFORE, premises considered, the Debtor prays that this Court will enter an Order establishing the following procedures for Debtor's counsel to seek periodic allowance of interim compensation and reimbursement of expenses:

A.     No earlier than the 15th day of each calendar month, Debtor's counsel shall seek payment of interim compensation by serving a Notice (the "Monthly Fee Notice") on the Debtor for interim payment for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period").

B.     Each Monthly Fee Notice shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Eleventh Circuit law and the Local Rules of the Bankruptcy Court for the Northern District of Alabama ("Local Rules"), and shall be served upon the Bankruptcy Administrator, the 20 largest creditors, and any other party requesting such notice.

C.     Each Notice Party shall have 10 days after service (the "Objection Deadline") of a Monthly Fee Notice to deliver to Debtor counsel any Objection (the "Objection") to the Monthly Fee Notice. Each Objection must identify in detail the specific time entries and/or expenses which are the subject of the Objection.

D.     Upon the expiration of the Objection Deadline, Debtor will be authorized to pay Debtor counsel an amount (the "Actual Interim Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Notice (the "Maximum Payment") or (ii) 80 percent of the fees and 100 percent of the expenses not subject to any Objection.

E.     Any objecting party and Debtor's counsel may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, then Debtor counsel may either (i) file the Objection and any response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Interim Payment made to Debtor's counsel (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the parties.

F.     Allowance of monthly fees and expenses shall not constitute an interim or final approval of the fees and expenses.

G.     Beginning with the period ending on February 28, 2018, Debtor's counsel shall be required to file with the Court and serve upon the Notice Parties once every 90 days ("Interim Period") an interim application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. § 331, of the amounts sought in the Monthly Fee Notices filed during such period (the "Interim Fee Application"). The Interim Fee Application must include a summary of the Monthly Fee Notices that are the subject of the request and any other information requested by the Court or required by the Local Rules.

H.     Debtor's counsel shall file its notice of the Interim Fee Application ("Hearing Notice") as provided by § 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Alabama.

I.     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify Debtor counsel from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

J.     Neither the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses, nor the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Debtor's counsel.

K.     All fees and expenses paid to Debtor's counsel are subject to disgorgement until final allowance by the Court.

L.     Hearing Notices to consider Interim Fee Application Requests and final fee applications (collectively, the "Applications") are hereby limited to the Notice Parties and all parties who have filed a notice of appearance with the Clerk of this Court and have requested such notice.

M.     Debtor will include and identify all payments made to Debtor's counsel in accordance with the Compensation procedures in their monthly operating reports.

Respectfully submitted, this 26th day of October, 2018.


*/s/ Tazewell T. Shepard*
Tazewell T. Shepard
Kevin M. Morris
Tazewell T. Shepard IV
*Attorneys for Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL 35804
Tel: 256/512-9924
Fax: 256/512-9837

## CERTIFICATE OF SERVICE

This is to certify that I have this 26th day of October, 2018 served the foregoing motion on all parties as listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

/s/ Tazewell T. Shepard
Tazewell T. Shepard