IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In re: PRIMARY PROVIDERS OF )
       ALABAMA, INC., ) Case No.: 18-83207-CRJ11
       )
     EIN: xx-xxx9960 )
       )
     Debtor. ) CHAPTER 11

**MOTION TO AUTHORIZE CONTINUED USE OF**
**EXISTING BANK ACCOUNT AND BUSINESS FORMS**

COMES NOW Primary Providers of Alabama, Inc, as Chapter 11 Debtor ("Debtor"), and shows unto this Honorable Court the following:

**Background**

1. On October 26, 2018, (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is a limited liability company organized and operating under the laws of the State of Alabama.

4. The Debtor holds a business checking account at PNC Bank. PNC is not a creditor of the Debtor's estate.

5. The Court's standard Operating Order establishes certain operating guidelines for all Debtors in order to supervise the administration of new Chapter 11 cases. Under these guidelines, a Chapter 11 debtor is generally required to open new "debtor in possession" bank accounts and to close all preexisting bank accounts and to clearly designate their checks as the checks of a "debtor in possession." These requirements are designed to establish a clear demarcation between prepetition and postpetition transactions and prevent the unauthorized payment of prepetition claims.

**Use of Bank Accounts**

6. The continued use of the existing Bank Account, instead of closing such account and opening new post-petition bank accounts, is necessary in order to avoid disruption and to preserve a "business as usual" atmosphere. The confusion that would result absent the relief requested herein could impair the Debtor's ability to consummate an efficient reorganization. Furthermore, allowing these accounts to be maintained with the same account numbers will assist the Debtor in

accomplishing a smooth and orderly transition to Chapter 11. Finally, the structure of the Bank Accounts allows the Debtor to efficiently monitor and control all of his cash receipts and disbursements. Accordingly, by this Motion, the Debtor seeks authorization to maintain the Bank Accounts at PNC Bank.

7. The Debtor submits that it has the capacity to draw the necessary distinctions between pre- and post-petition obligations and payments without closing the Bank Account and opening a new account. Thus, the Debtor submits that the granting of the relief requested herein will not prejudice any parties in interest herein.

## Use of Existing Business Forms

8. Similarly, in order to minimize expense to the Debtor and the estate, the Debtor requests a waiver of the requirement that it replace prepetition checks and business forms with new forms containing the legend "Debtor in Possession." In the ordinary course of his business, the Debtor uses business forms, including, without limitation, checks, letterhead, envelopes and other forms. By virtue of the nature and scope of the Debtor's farm and the large number of third parties with whom the Debtor deals on a regular basis, it is important that the Debtor be permitted to continue to use the existing checks and other business forms without alteration or change. To do otherwise would be costly and place an undue burden on the Debtor's estate. Moreover, to avoid disruption of the cash management system, the Debtor requests that it only be required to include the legend "Debtor in Possession" on the bank's signature card.

9. Consistent with relief granted in numerous other cases, the Debtor respectfully requests that the Court authorize the Debtor's continued use of existing checks and other business forms. See, e.g., *In re Versatel Telecom Int'l N.V.,* Case No. 02-13003 (RDD) (Bankr. S.D.N.Y. 2002); *In re Young,* 205 B.R. 894, 897 (Bankr. W.D. Tenn. 1997); *In re Gold Standard Baking, Inc.,* 179 B.R. 98, 105-06 (Bankr. N.D. Ill. 1995); *In re Johnson,* 106 B.R. 623, 624 (Bankr. D. Neb. 1989).

## Notice

10. Pursuant to Bankruptcy Rule 2002, the Debtor proposes to serve a copy of this Motion upon Richard M. Blythe, Office of the Bankruptcy Administrator.

## Prayers For Relief

WHEREFORE, PREMISES CONSIDERED, the Debtor requests the Bankruptcy Court enter an order approving the Debtor's continued use of the existing bank account and business forms and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 26th day of October, 2018.

                                               */s/ Tazewell T. Shepard*
                                               Tazewell T. Shepard
                                               Kevin M. Morris
                                               Tazewell T. Shepard IV
                                               *Attorneys for Debtor*

                                               **SPARKMAN, SHEPARD & MORRIS, P.C.**
                                               P. O. Box 19045
                                               Huntsville, AL  35804
                                               Tel: 256/512-9924
                                               Fax: 256/512-9837

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served the foregoing document upon Richard M. Blythe, Office of the Bankruptcy Administrator, by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

      Done this 26th day of October, 2018.

                                               */s/ Tazewell T. Shepard*
                                               Tazewell T. Shepard