IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: PRIMARY PROVIDERS OF ALABAMA, INC., | ) ) ) ) ) ) ) ) | Case No.: 18-83207-CRJ-11 |
| EIN: xx-xxx9960 | | |
| Debtor. | | CHAPTER 11 |

### DEBTOR'S RESPONSE TO SERVISFIRST BANK'S OBJECTION TO CONFIRMATION OF THE AMENDED PLAN OF REORGANIZATION

COMES NOW Primary Providers of Alabama, Inc. (the "Debtor") and responses to the objection to confirmation filed by ServisFirst Bank (the "Bank") as follows:

**The Absolute Priority Rule.**

1. The Bank cannot invoke the Absolute Priority Rule to block confirmation of the Debtor's Plan as it is does not possess an unsecured claim in this case and thus lacks standing to assert the Absolute Priority Rule.

2. The Debtor used its anticipated cash flow to propose feasible payments to creditors in the Plan. The Debtor projected that it feasibly could satisfy ServisFirst's secured claims in full over the course of 10 years of payments. Thus, the proposed treatment in the Plan.

3. The Bankruptcy Code allows proponents of Plans to propose separate treatment for various classes of secured and unsecured creditors without violating the propriety rules.

4. However, 11 U.S.C. § 1129(a)(9)(C) requires the Debtor to satisfy governmental tax claims within five years of the Effective Date. Accordingly, the Debtor proposed paying the tax claims on a faster time-table than it proposed repaying ServisFirst because of this statutory constraint.

5. ServisFirst will be compensated for the time-value of its money through the Plan's allowance of interest on its secured claims.

**Release of the Debtor's Employees or Officers.**

6. ServisFirst alleges that Section 9.2 of the Plan provides a general release of the Debtor's employees or officers for pre-Petition Date claims or torts.

7. This assertion is incorrect: Section 9.2 grants corporate officers, employees, estate-employed professionals, and related persons a release only for actions or inactions taken in good faith in connection with the bankruptcy case and administration of the Plan.

8. Section 9.2 is standard, form language that accompanies virtually every confirmed Plan of Reorganization and merely grants such parties a defense similar to the common law "business judgment rule" for actions taken in relation to the bankruptcy case.

9. Section 9.2 does not provide any general release of all liability to the Debtor's officers or employees.

**Plan's Notice of Default Provision.**

10. The Debtor avers that the 21-day notice of default provision contained in its Plan is reasonable and necessary to protect the Debtor, its bankruptcy estate, and the property of the bankruptcy estate.

11. Should the Debtor default on the terms of its Plan, any party-in-interest may "proceed accordingly with any legal rights available under applicable law." Doc. 170, Section 9.7, p. 20. This Section of the Plan gives creditors adequate remedies in the case of a default by the Debtor.

**Ambiguities in the Debtor's Plan.**

12. While the Bank's interpretation of some portions of the Plan is inconsistence with a plain reading of the documents, the Debtor agrees to amend its Plan to make clear that secured creditors' liens will not be released on the Effective Date.

13. The Debtor will further correct any typographical errors concerning Bank's correct proof of claim docket numbers.

WHEREFORE, premises considered, the Debtor respectively requests this Court enter an Order: granting the Debtor leave to amend its Plan in accordance with this Pleading; overruling ServisFirst Bank's objection to confirmation of the Debtor's Amended Plan of Reorganization; and granting such relief as this Court deems just and proper.

Respectfully submitted this the 29th day of July, 2019.

      */s/ Tazewell T. Shepard IV*
      Tazewell T. Shepard III
      Tazewell T. Shepard IV
      *Attorneys to Chapter 11 Debtor*

      **SPARKMAN, SHEPARD & MORRIS, P.C.**
      P.O. Box 19045
      Huntsville, AL 35804
      Tel: (256) 512-9924
      ty@ssmattorneys.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this the 29th day of July, 2019 served the foregoing document upon all addressees on the Clerk's Mailing Matrix in this case, Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35062 by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

      */s/ Tazewell T. Shepard IV*
      Tazewell T. Shepard IV