IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: PRIMARY PROVIDERS OF ALABAMA, INC., | ) ) ) | Case No.: 18-83207-CRJ-11 |
| EIN: xx-xxx9960 | ) ) | |
| Debtor. | ) ) ) | CHAPTER 11 |

## DEBTOR'S OBJECTION TO PROOF OF CLAIM OF BECKMAN COULTER, INC. [CLAIMS DOC. 18-1]

COMES NOW Primary Providers of Alabama, Inc. (the "Debtor"), and shows unto this Honorable Court the following:

### Background

1. On October 26, 2018, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Petition Date").

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is a corporation organized and operating under the laws of the State of Alabama. The Debtor is engaged in the business of operating a physician medical clinic.

### Proof of Claim 18-1 is 250 Days Tarty

4. The Debtor listed Beckman Coulter, Inc. ("BCI") as notice party on its bankruptcy petition filed on the Petition Date.

5. On December 6, 2019, this Court set January 31, 2019 as the claims bar date for all creditors to file proofs of claim in this case [Doc. 38].

6. That same day, the Debtor gave notice to BCI of the claims bar date [Doc. 39].

7. BCI filed Proof of Claim 18-1 on October 8, 2019, **250 days past the claims bar date.** BCI has not sought leave of this Court to file a tarty claim.

## Proof of Claim 18-1 is Disputed

8. The documents attached to BCI's proof of claim indicate that its damages arise from a breached equipment lease it entered into with Heritage Family Medicine.

9. The Debtor, its owners, and management are not owners, employees, or affiliates of Heritage Family Medicine. Pre-Petition Date, the Debtor purchased some assets, including a customer list, from Heritage Family Medicine, but did not assume the equipment lease upon which BCI bases its claim for damages.

10. The Debtor is not in possession of BCI's equipment.

11. The equipment lease attached to BCI's proof of claim contains an anti-assignment clause that would have prevented the Debtor from assuming that agreement without BCI's written consent (p. 23, ¶ 14).

12. BCI's claim does not contain any assignment agreement between the Debtor, Heritage Family Medicine, and BCI.

13. Accordingly, BCI's proof of claim is improper; the Debtor's objection is due to be sustained.

WHEREFORE, premises considered, the Debtor respectively requests this Court to enter an Order: sustaining its objection to proof of claim 18-1; and granting such relief as this Court deems just and proper.

Respectfully submitted this the 14th day of October, 2019.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Chapter 11 Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

This is to certify that I have this the 14th day of October, 2019 served the foregoing document upon the Debtor's 20 largest unsecured creditors, Richard Blythe, Office of the Bankruptcy Administrator, Beckman Coulter, Inc., Dept. CH 10164, Palatine, IL 60044, and all persons requesting notice by electronic service through the Court's CM/ECF system and/or by depositing said copies in the United States Mail in properly addressed envelopes with adequate postage thereon.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV